STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
CHARLES A. NONES, PLAINTIFF IN ERROR.

Argued November 3, 1915—Decided March 6, 1916.

1. The neglect of counsel regularly retained to defend one charged
   with crime, to attend the trial, does not enlarge the rights of
   the defendant and enable him to demand an extension of time
   to secure new counsel.
2. It is improper to allow a plea of not guilty to an indictment to
   be withdrawn after the jury has been sworn and a witness has
   been partially examined.
3. The limitation of defendant's cross-examination on the trial of
   an indictment is harmless where the matter sought to be proved
   thereby is an undisputed fact and a part of the state's case.
4. Books of a trust company conceded to be inaccurate may never-
   theless be used to refresh the recollection of one familiar with
   them. The value of the testimony is for the jury.
5. On the trial of an indictment for conspiracy, where the crucial
   points were whether the defendant had conspired with the treas-
   urer of a trust company to defraud the company by having
   checks certified and cashed which overdrew defendant's account,
   it is proper for the trial judge to comment on the defendant's
   failure to testify.

On error to the Essex Oyer and Terminer.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and BERGEN.

For the state, *Frederick F. Guild.*

For the defendant, plaintiff in error, *Borden D. Whiting.*

The opinion of the court was delivered by

SWAYZE, J. The indictment was presented April 22d,
1915, the defendant pleaded on the same day; his counsel
secured bail for him on April 24th and was notified on May
4th that the case would be tried on May 10th. Counsel was
busy with other matters, and assumed from the fact that
other cases were set for trial on May 10th that the present

case would not be reached. On the last-named day he employed himself in the taking of testimony in a civil case and did not appear when the trial began. A jury was sworn, and thereupon the court assigned the present counsel to defend. After a witness had been sworn and partially examined, counsel, who had been assigned, asked leave to withdraw the defendant's plea in order to interpose an objection to the indictment. This was refused. The defendant now relies for reversal, upon the fact that counsel who was assigned to defend had no opportunity to consult in order to prepare the defence, and that no opportunity was afforded to question the form of the indictment. It is argued that the conduct of the trial, in effect, deprived the defendant of his constitutional right to the assistance of counsel. The statement of the facts, however, shows that the real question is whether the neglect of counsel regularly retained enlarges the rights of the defendant, and enables him to demand an extension of time to secure new counsel. To ask this question is to answer it. It would be intolerable if the business of the court could be obstructed and a postponement secured by the mere neglect of defendant's counsel. If that end could be secured by that means, an indictment could never be tried, and the process of the criminal courts would be made to depend upon the convenience of counsel for the prisoner. If such were the legal right of the prisoner, it is safe to say that his counsel would never find it convenient to try the case. No doubt the court, in the exercise of its discretion, might grant time and even a new trial. If we assume in favor of the defendant that the refusal to postpone the trial was a proceeding had upon the trial, so that the exercise of the court's discretion would be reviewable under the one hundred and thirty-sixth section of the Criminal Procedure act, we must say that there was no abuse of discretion. The defendant seems to have had no defence. The only witness sworn on his behalf was the counsel he had retained, who merely attempted to explain the failure to appear earlier in the day. The defendant himself was not sworn.

It would have been improper to allow the plea of not guilty to be withdrawn after the jury had been sworn and a witness partially examined. We do not know what the supposed objection was. If it was such as the statute requires to be made before the jury is sworn, the application came too late. If it was substantial, the question could have been presented by motion to direct a verdict or motion in arrest of judgment, and perhaps in other ways during the progress of the trial.

The limitation of cross-examination as to the accuracy of the books of the trust company was harmless. It was not only proved, but undisputed, that the books were inaccurate; in fact, a part of the case on the part of the state was that the books were inaccurate, and no cross-examination could possibly have strengthened the defendant's objection to them.

Inaccurate as they were, the former secretary-treasurer of the trust company was allowed to use them to refresh his recollection. This was proper. Even a false entry might serve to refresh his recollection of the real fact. Of course, his testimony was subject, under the circumstances, to severe criticism, but the fact that it was based in important points on a reference to books which were confessedly inaccurate went only to its weight with the jury.

We see no valid objection to the comment of the trial judge in his charge upon the failure of the defendant to testify. He was charged with conspiracy with the secretary-treasurer to defraud the trust company by procuring a check to be certified and by having checks cashed which overdrew his account. He knew whether he had in fact overdrawn, and whether he had done it by virtue of an agreement with the secretary-treasurer. These were the crucial points. His failure to deny the testimony of Smith led to a very strong inference that Smith's testimony was true.

We find no legal error and no valid cause for reversal. The judgment is therefore affirmed.